**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Renee Ferreira and John Ferreira, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | Jury Trial Demanded |
| Seattle Home Fitness LLC | ) | |
| d/b/a Top Fitness Store, | ) | |
| and Hudson Steel Co., | ) | |
| Defendants | ) | |

**COMPLAINT & DEMAND FOR JURY TRIAL**

**PARTIES AND JURISDICTION**

1.    The Plaintiffs, Renee and John Ferreira, husband and wife, are and at all times herein material were residents of 25 Hale True Road in the Town of Sandown, in the County of Rockingham and the State of New Hampshire.

2.    Defendant Seattle Home Fitness, LLC d/b/a Top Fitness Store ("Top Fitness") is and at all times relevant was a foreign limited liability corporation incorporated in the State of Washington with a principal corporate address of 2900 Scenic Drive, Flower Mound, Texas.

3.    Defendant Hudson Steel Co. ("Hudson Steel") is and at all times relevant was a foreign corporation with a principal corporate address of 70A Overocker Road, Poughkeepsie, New York and is engaged in the manufacture of fitness equipment, including but not limited to a Leg Press/Hack Squat machine, which is sold in the State of New Hampshire to various wholesalers and retailers for redistribution to the general public as ultimate consumers.

4.    The amount in controversy is in excess of $75,000.00. The parties have complete diversity of citizenship. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

**FACTS**

1

5.      Defendant Hudson Steel is a corporation which designs, manufactures, and sells fitness equipment.

6.      Defendant Top Fitness owned and operated a store, located at 125 S Broadway, Salem, New Hampshire, which marketed, sold, delivered, and installed fitness equipment in New Hampshire, including equipment designed, manufactured, and sold by Defendant Hudson Steel.

7.      Plaintiffs Renee and John Ferreira purchased home gym equipment including a Leg Press/Hack Squat Station (the "leg press" or "machine") manufactured by Hudson Steel from Top Fitness in Salem, New Hampshire.

8.      At all relevant times, Defendant Hudson Steel knew or should have known and expected that the leg press would reach consumers or users in the condition in which they were sold.

9.      On May 9, 2025, Plaintiffs Renee and John Ferreira had their leg press delivered and installed by Top Fitness at their home.

10.     That same day, Plaintiff Renee Ferreira used the leg press in her home for the first time.

11.     Plaintiff Renee Ferreira performed a "warm up" set of exercises with no weight on the machine.

12.     Plaintiff Renee Ferreira performed a second "warm up" set of exercises with a small amount of weight on the machine.

13.     Plaintiff Renee Ferreria performed a third "warm up" set of exercises with a slightly larger amount of weight on the machine.

14.     After performing her "warm up" sets, Plaintiff Renee Ferreira loaded an appropriate amount of weight onto the machine and sat down to begin her workout.

2

15. Before Plaintiff Renee Ferreria could begin her exercise, and before she made any move to release the weight above her, the locking mechanisms on the machine, which were supposed to hold the weight in place until a user manually released it, failed, sending the weight crashing down upon her and crushing her legs.

16. At all times Plaintiff Renee Ferreira was using the leg press properly and in conformance with the product's instructions and intended manner of use.

17. Due to a defect in its design, manufacture, warnings and/or installation, the locking mechanisms of the leg press failed to hold the weight in place at the top of the machine before Plaintiff Renee Ferreira moved to begin her exercise and caused the weight to come crashing down upon her.

18. After Ms. Ferreira was injured, plaintiffs contacted Top Fitness, who returned to plaintiffs' home, inspected the machine, and determined that component parts of the locking mechanisms were mislabeled and caused the machine to be installed improperly, allowing the locking mechanisms to fail.

19. As a direct, proximate, and foreseeable result of the foregoing, Ms. Ferreira suffered serious and permanent injuries to her legs, incurred past and future medical expenses, endured pain and suffering and loss of enjoyment of life, and lost wages and earning capacity.

**<u>COUNT I: STRICT PRODUCT LIABILITY</u>**
**N.H. RSA 507-D, et seq.**
**Renee Ferreira Against Defendants Hudson Steel and Top Fitness**

20. Plaintiffs hereby incorporate by reference each and every allegation contained above as though fully set forth herein.

21. Defendants engaged in the business of designing, manufacturing, marketing, and selling exercise equipment, including the leg press, for use and consumption in New Hampshire.

22. Defendants sold the leg press for use by consumers in the state of New Hampshire.

23. Thus, Defendants are subject to the provisions of the New Hampshire Product Liability Act, R.S.A. 507-D, et seq, for products it sold to the citizens of the State of New Hampshire.

24. The leg press purchased by Plaintiffs Renee and John Ferreira is a product covered by the New Hampshire Product Liability Act.

25. Ms. Ferreira was a "user" of the leg press, as the word "user" is defined by New Hampshire Product Liability Actions, R.S.A. 507-D:1(iii).

26. Pursuant to the New Hampshire Product Liability Act, Defendants owed a duty to Ms. Ferreira to sell a product that was reasonably safe in construction, which did not materially deviate from applicable design specifications, or otherwise deviate in some material way from other identical units.

27. Pursuant to the New Hampshire Product Liability Act, Defendants owed a duty to Ms. Ferreira to sell a product that was not unreasonably dangerous.

28. Pursuant to the New Hampshire Product Liability Act, Defendants owed a duty to Ms. Ferreira to sell a product that conformed to its implied warranties, including, but not limited to, the implied warranty that the products it sold were reasonably safe for use by consumers.

29. Defendants had a duty to sell a leg press that was neither defective nor unreasonably dangerous when installed and put to the use for which it was designed, manufactured, distributed, marketed and sold.

30. The leg press sold by Defendants and used by Ms. Ferreira was in a defective condition and unreasonably dangerous to the user or consumer at the time the leg press left the

4

possession of Defendants, at the time the device entered the stream of commerce, because of, but not limited to, the following:

      a.     The leg press was not reasonably safe as intended to be used;

      b.     The leg press contained defects, including that component parts of the locking mechanisms were not properly labeled and caused the machine to be installed improperly, allowing the locking mechanisms not to properly lock and to foreseeably fail;

      c.     The leg press contained manufacturing defects, including that the locking mechanisms would foreseeably fail to stay in place, which was not intended in its design and specifications;

      d.     The leg press was dangerous to an extent beyond which would be contemplated by the ordinary consumer, and did not meet consumer expectations;

      e.     The leg press did not have adequate and necessary warnings and instructions to allow it to be used safely given the manufacturing defects and dangers inherent in the leg press;

      f.     The leg press did not comply with applicable industry standards;

      g.     The leg press was not appropriately or adequately tested before its sale.

31. The leg press was defective at the time it was sold by Defendants or at the time it left Defendants' control.

32. The leg press purchased by Plaintiffs Renee and John Ferreira was expected to, and did, reach the consumer without substantial change in the condition in which it was sold.

33. Plaintiff Renee Ferreira was a person who would reasonably be expected to use the leg press and used the leg press in a reasonably foreseeable fashion.

34.    Ms. Ferreira, by the exercise of reasonable care, could not have discovered the leg press's defects and perceived its danger.

35.    The defects in the leg press purchased by Plaintiffs Renee and John Ferreira directly and proximately caused the injuries to Plaintiff Renee Ferreira, as set forth in this Complaint.

36.    Ms. Ferreira, by the exercise of reasonable care, could not have avoided the injury.

37.    As a direct and proximate result of the conduct of Defendants, as set forth herein, Ms. Ferreira suffered the injuries and damages as set forth in this Complaint.

## COUNT II: STRICT LIABILITY – MANUFACTURING DEFECT
### Renee Ferreira Against Hudson Steel

38.    Plaintiffs hereby incorporate by reference each and every allegation contained above as though fully set forth herein.

39.    At all relevant times, Defendant Hudson Steel had a duty to manufacture the leg press in accordance with the standard of care within the industry and in a manner to avoid or minimize the extreme risks to users of the product.

40.    The incident alleged above whereby Ms. Ferreira became injured was caused by Defendant Hudson Steel's breach of said duty by failing to manufacture the leg press in an appropriate manner to avoid or minimize the extreme risks to users of the product caused by failure of the product.

41.    Specifically, but not limited to, Defendant Hudson Steel breached its duty by failing to ensure that the component parts of the locking mechanism were properly labeled and would not cause the machine to be installed improperly, allowing the locking mechanism to fail.

6

42.    This caused a foreseeable risk of the weight being released and crashing down onto Ms. Ferreira.

43.    Defendant Hudson Steel's negligence as alleged above was the proximate cause of the injuries and damages suffered by Ms. Ferreira.

44.    As a direct and proximate result of the conduct of Defendant Hudson Steel, as set forth herein, Ms. Ferreira suffered the injuries and damages as set forth in this Complaint.

<b><u>COUNT III: STRICT LIABILITY</u></b><br><b>Renee Ferreria Against Defendant Top Fitness</b>

45.    Plaintiffs hereby incorporate by reference each and every allegation contained above as though fully set forth herein.

46.    When Ms. Ferreria sustained the injuries alleged in this complaint, the leg press was in a defective condition and unreasonably dangerous to a user or a consumer in that the component parts of the locking mechanisms were not properly labeled and caused the machine to be installed improperly, allowing the locking mechanisms not to properly lock and to foreseeably fail.

47.    Each of the conditions set forth above were not observable by Ms. Ferreira and she relied upon the Defendant to deliver the leg press in a condition fit for use for the purpose intended.

48.    Defendant breached its duty to deliver the leg press to market in a condition fit for use for the purposes intended.

49.    As a direct and proximate result of the conduct of Defendant, as set forth herein, Ms. Ferreira suffered the injuries and damages as set forth in this Complaint.

<b><u>COUNT IV: NEGLIGENCE</u></b><br><b>Renee Ferreira Against Defendant Hudson Steel</b>

7

50.     At all relevant times, Defendant Hudson Steel had a duty to use reasonable care under the circumstances, including to properly manufacture the leg press so as not to cause injury to users, and to adequately warn users of the dangers of the product.

51.     Defendant Hudson Steel breached its duty by failing to properly manufacture the leg press so as not to cause injury to users and failing to adequately warn users that the component parts of the locking mechanism were not properly labeled and would cause the machine to be installed improperly, allowing the locking mechanism to fail.

52.     Ms. Ferriera was exposed to an enhanced risk or hidden danger which was known or should have been known by Defendant Hudson Steel but which was hidden to her.

53.     Defendant Hudson Steel's negligence as alleged above was the proximate cause of the injuries and damages sustained by Ms. Ferreira.

54.     As a direct and proximate result of the conduct of Defendant Hudson Steel, as set forth herein, Ms. Ferreira suffered the injuries and damages as set forth in this Complaint.

### COUNT V: BREACH OF WARRANTY OF MERCHANTABILITY
**Renee Ferreira Against Defendants Hudson Steel and Top Fitness**

55.     Plaintiffs hereby incorporate by reference each and every allegation contained above as though fully set forth herein.

56.     By placing the leg press into the stream of commerce Defendants provided an implied warranty that the leg press was of a merchantable quality, fit, safe, and in proper condition for ordinary use as products of this nature are designed and used.

57.     In reliance on that implied warranty, Ms. Ferreira used the leg press as intended on May 9, 2025.

58.     Ms. Ferreira's use of the leg press was foreseeable to Defendants.

59.     Defendants breached the implied warranty of merchantability because the leg press was unfit and unsafe when used for ordinary purposes as a result of the defects alleged in this complaint.

60.     As a direct and proximate result of the conduct of Defendants, as set forth herein, Ms. Ferreira suffered the injuries and damages as set forth in this Complaint.

## COUNT VI: NEGLIGENCE
### Renee Ferreira Against Defendant Top Fitness

61.     Plaintiffs hereby incorporate by reference each and every allegation contained above as though fully set forth herein.

62.     Defendant Top Fitness and its agents sold the leg press to Plaintiffs Renee and John Ferreira and installed it in their home.

63.     At all relevant times, Defendant Top Fitness had a duty to perform the installation of the leg press in the home of Plaintiffs Renee and John Ferreira with reasonable care and skill, and in a reasonable and appropriate manner to avoid or minimize the risks to users of the leg press caused by the foreseeable danger to those using it.

64.     The incident alleged above whereby Ms. Ferreira became injured was caused by Defendant Top Fitness's breach of said duty by failing to perform the installation of the leg press in the home of Plaintiffs Renee and John Ferreira with reasonable care and skill, and in a reasonable and appropriate manner to avoid or minimize the risks to users of the leg press caused by the foreseeable danger to those using it.

65.     Specifically, but not limited to, Defendant Top Fitness breached its duty by failing to properly install the leg press in a manner which would ensure that the locking mechanism would not fail.

66. Ms. Ferriera was exposed to an enhanced risk or hidden danger which was known or should have been known by Defendant Top Fitness but which was hidden to her.

67. This caused a foreseeable risk of the weight being released and crashing down onto Ms. Ferreira.

68. Defendant Top Fitness's negligence as alleged above was the proximate cause of the injuries and damages suffered by Ms. Ferreira.

69. As a direct and proximate result of the conduct of Defendant Hudson Steel, as set forth herein, Ms. Ferreira suffered the injuries and damages as set forth in this Complaint.

## COUNT VII: LOSS OF CONSORTIUM
### John Ferreira Against Defendants Hudson Steel and Top Fitness

70. Plaintiffs hereby incorporate by reference each and every allegation contained above as though fully set forth herein.

71. Plaintiff John Ferreira states that he is and at all relevant times herein mentioned was the lawful husband of Plaintiff Renee Ferreira.

72. As a direct, proximate, and foreseeable result of Defendants' negligence, Plaintiff John Ferreira did suffer and continues to suffer the loss of service, society, and companionship of Plaintiff Renee Ferreira which he enjoyed prior to the incident alleged in this Complaint.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

A. Enter judgment in their favor against the defendants;

B. Award compensatory damages to Plaintiffs for past, present, and future damages, including, but not limited to, pain and suffering, for severe and permanent personal injuries sustained by Plaintiff, permanent impairment, mental pain and suffering, loss of enjoyment of life, past and future health and medical care costs, lost wages and earning capacity, together with interest and costs as provided by law;

C. Award Plaintiffs enhanced compensatory damages;

D.      Award Plaintiffs all ascertainable economic damages, including past and future loss of earnings and/or earning capacity;

E.      Award Plaintiffs costs, pre-trial interest, and attorneys' fees; and

F.      Grant such further relief as it deems just and equitable.

Respectfully Submitted,

Dated: May 13, 2026

/s/ D. Michael Noonan
D. Michael Noonan, Esq. #8214
mnoonan@shaheengordon.com
Attorney for the Plaintiff
**SHAHEEN & GORDON, P.A.**
353 Central Ave., 2nd Floor
P.O. Box 977
Dover, NH  03821-0977
(603) 749-5000